No. 2421.—JUAN GARCIA Y MORA *v.* G. W. AVERY, Sheriff, et al.

A party holding merchandise under a simulated sale, can not defeat the rights of a seizing creditor by the writ of injunction. In such a case, if the sale is shown to be simulated, the injunction will be dissolved, with damages, *in solido*, against the principal and surety on the injunction bond.

If the judgment of the court below, dissolving the injunction, is affirmed on appeal, it will be so amended, on prayer to that effect, as to embrace the surety on the bond, who will be condemned, *in solido* with the principal, in damages for enjoining the sale on a simulated title.

APPEAL from the Fifth District Court of New Orleans. *Leaumont*, J. *Sambola & Ducros*, for plaintiff and appellant. *Hornor & Benedict*, for defendants and appellees.

TALIAFERRO, J. Cohen & Wilson, having obtained judgment against Canales for $941 85 with interest, proceeded, under *fieri facias*, to seize directly, as property of Canales, a stock of merchandise in the house No. 50 Royal street.

The plaintiff in this action obtained an injunction, inhibiting the sheriff and the seizing creditors from selling the property, alleging himself to be the *bona fide* owner and possessor of the stock of goods seized, and claiming damages against the defendants for the annoyance and injury caused by their illegal acts.

The answer is a general denial of all the plaintiff's allegations, and contains a prayer for twenty per cent. damages, ten per cent. interest, and one hundred dollars attorney's fees.

The court below dissolved the injunction, and gave the defendants twenty per cent. damages on the amount of the judgment enjoined.

The plaintiff has appealed.

We find no error in the judgment. The evidence establishes, beyond a reasonable doubt, that the pretended sale from Canales to Garcia was a mere simulation, and intended to screen his property from the pursuit of his creditors. It is shown, by the plaintiff's own evidence, that Canales, the defendant in execution, was in possession of the store No. 50 Royal street, and carrying on business there, as he usually had, when the seizure was made, except that he held himself out as the plaintiff's clerk. He had occupied that stand, as a business place, for many years previous. His own declarations, previous to the pretended sale to Garcia, show that it was his intent to do an act of this kind. The presumtion of simulation, in this case, is, from all the testimony, so strong that it must prevail against all the evidence adduced on the part of the plaintiff. 12 R. 146; 5 An. 1; 10 An. 29; 13 An. 207; 11 L. R. 269.

The plaintiffs move, in this court, that the judgment of the lower court be amended. so as to include the surety on the injunction bond, and that he be condemned, *in solido* with the principal, to pay the amount adjudged against the latter.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to read as follows: It is ordered that the injunction herein issued be dissolved, at plaintiff's costs, and that the defendants, Cohen & Wilson, do have and recover, *in solido*, from plaintiff, Juan Garcia y Mora, and Jose Garcia Barres, his surety on the injunction bond, twenty per cent. damages on the amount of the judgment herein enjoined. It is ordered that plaintiff pay costs in both courts.